# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT J. BINSACK, SR.,** | : | **No. 3:08cv1166** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **LACKAWANNA COUNTY DISTRICT** | : | |
| **ATTORNEY'S OFFICE,** | : | |
| **D.A. ANDREW JARBOLA,** | : | |
| **D.A. EUGENE TALERICO,** | : | |
| **A.D.A. COREY KOLCHARNO,** | : | |
| **A.D.A. MARYANNE GRIPPO,** | : | |
| **A.D.A. PAUL PETERSON,** | : | |
| **BRIAN KOSCH, District Attorney** | : | |
| **Detective,** | : | |
| **JOHN R. COLAN, III, District** | : | |
| **Attorney Detective,** | : | |
| **JOHN & JANE DOE, District** | : | |
| **Attorney Detectives and** | : | |
| **Prosecutors,** | : | |
| **JEROME SEBASTIANELLI,** | : | |
| **GARRET STEVER,** | : | |
| **DAVID KUTNEY,** | : | |
| **MICHAEL McCARTY, Vice** | : | |
| **President, Bank of America,** | : | |
| **HARRIS CUTLER, Owner,** | : | |
| **Phillip G. Ball & Co.,** | : | |
| **MICHAEL H. ROTH, Esq.,** | : | |
| **BOROUGH OF CLARKS** | : | |
| **SUMMIT,** | : | |
| **CLARKS SUMMIT BOROUGH** | : | |
| **POLICE DEPARTMENT,** | : | |
| **LOUIS J. VITALE, JR., Police** | : | |
| **Chief,** | : | |
| **OFFICER ROBERT SHEDLOCK,** | : | |
| **FRANK J. SANTAMAURO, Esq.,** | : | |

**EUGENE KELLEY, Esq.,**                     :
**TIMES SHAMROCK**                           :
**COMMUNICATIONS,**                          :
**LAWRENCE K. BEAUPRE,**                     :
**DAVID FALCHEK,**                           :
**ROSEMARY DAVIS,**                          :
**COUNTY OF LACKAWANNA,**                    :
**JOHN FALCON,**                             :
**BRITTANY JULIAN,**                         :
**P.J. WALTER CARLSON,**                     :
**LACKAWANNA COUNTY PRISON,**                :
**WARDEN JANINE M. DONATE,**                 :
**DEPUTY WARDEN TIM BETTI,**                 :
      **Defendants**              :

## MEMORANDUM

Before the court is the plaintiffs' motion for appointment of counsel (Doc. 5) in the instant civil-rights action.

## Background

This case arises out of plaintiff's arrest and criminal indictment by Defendant Lackawanna County District Attorney's Office in July 2007.  Plaintiff, who operated as a large contractor building expensive homes in the area around Scranton, Pennsylvania, alleges that certain business associates and law enforcement officials conspired to achieve "the alleged and wrongful arrest and incarceration of Plaintiff, the public and financial debilitation of Plaintiff, the illegal takeover of Plaintiff's corporations and the assets thereof, and the illegal seizure and closure of Plaintiff's office, and thus, the complete and utter financial destruction thereof [sic] said

2

corporate entities." (Complaint (Doc. 1) at ¶ 63).

Plaintiff filed the instant complaint and motion for leave to proceed *in forma pauperis* on June 19, 2008. Count I of the complaint raises due process and equal protection claims against the Lackawanna County prosecutors, detectives and borough officials. Plaintiff alleges unlawful arrest and malicious prosecution, as well as improper search and seizure of his personal and business property. He also contends that the defendants conspired to commit these constitutional violations. Count II raises claims against the non-governmental defendants for conspiring with the prosecutors and borough officials to deprive him of his constitutional rights. Count III raises alleges that the Lackawanna County District Attorney's office and Assistant District Attorneys within that office failed to provide proper training to employees, and that these failings led to a violation of plaintiff's rights. Count IV, raised against Lackawanna County, the Clarks Summit Police Department, the Borough of Clarks Summit and its Police Chief, alleges a similar failure-to-train claim against those entities. Count V alleges that Lackawanna County, the Lackawanna County Prison, and the Warden and Deputy Warden of that prison failed to provide adequate training to officers and employees. This lack of training, plaintiff contends, led defendants to fail to provide proper public access to hearings and arraignments. Count VI brings a malicious prosecution/wrongful use of proceedings claim against the prosecutors and borough officials. Count VII is an intentional or negligent infliction of emotional distress claim against all of the defendants. Count VIII is a

3

state-law false arrest and false imprisonment claim.  In Count VIII, plaintiff alleges

that all of the defendants defamed him by publicizing his arrest.  Count IX brings a

tort claim for false light based on public statements about the plaintiff.  Plaintiff raises

a common law conspiracy claim against all the defendants in Count X.  The

complaint seeks $42 million in actual damages, in addition to punitive damages,

interest, costs and attorney's fees.

**Jurisdiction**

Because plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, we have

jurisdiction pursuant to 28 U.S.C. §1331 ("[t]he district courts shall have original

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

United States.").  We  have supplemental jurisdiction over the plaintiff's state law

claims pursuant to 28 U.S.C. § 1367.

**Discussion**

Plaintiff requests that the court appoint him counsel because his case is

complex and he lacks the funds to obtain counsel himself.  The law provides that the

court may request an attorney to represent a party unable to employ counsel.  28

U.S.C. § 1915; Local Rule of Civil Procedure 83.34.1-83.34.4.  The United States

Court of Appeals for the Third Circuit has delineated the following factors to consider

in determining whether counsel should be appointed to a *pro se* civil litigant:  1)

whether the plaintiff's claim contains arguable merit; 2) whether the *pro se* litigant

has demonstrated the ability to present his own case; 3) the difficulty of the particular

legal issues; 4) the degree to which a factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation; and 5) the extent to which the case is likely to turn on credibility determinations. <u>Tabron v. Grace</u>, 6 F.3d 147, 156 (3d Cir. 1993). The <u>Tabron</u> court further noted that significant practical restraints temper the court's ability to appoint counsel and that volunteer lawyer time is a precious commodity. Because volunteer lawyer time is limited, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer for a deserving cause. <u>Id.</u> at 157.

The first of the factors outlined in <u>Tabron</u>–whether the claims have arguable merit–weighs heavily against the plaintiff. Plaintiff brings a variety of claims against both private actors and government officials. Many of these claims relate to plaintiff's 2007 arrest, a charge which has not yet been resolved. Any claims for malicious prosecution or false arrest–as well as other constitutional claims related to the prosecution–cannot be raised before this court until the criminal prosecution ends in plaintiff's favor. Those claims therefore clearly lack merit. Similarly, any claims against judicial officials and prosecutors for their actions in bringing about plaintiff's arrest and prosecution most likely cannot survive the various doctrines of immunity that apply to such cases. Plaintiff also appears to bring civil rights complaints against non-state actors, which also lack merit and would also be quickly dismissed. While the court offers no ruling on the ultimate merit of plaintiff's claims, the court finds them dubious at best.

The second of the <u>Tabron</u> factors also weighs against appointing counsel for the plaintiff.  Plaintiff's complaint, more than 100 pages in length, is lucid and organized, and plaintiff makes relevant allegations and cites to applicable law.  While not a model of concise legal drafting, the complaint presents plaintiff's claims in a manner that allows the court to evaluate them and the defendants to answer them.  Further, plaintiff has sent the court several letters addressing the status of his case.  (<u>See</u> Docs. 21, 23-24).  In those letters, plaintiff insists to the court that he understands the applicable law.   Though plaintiff contends that he cannot work on his case because he is presently incarcerated and lacks access to adequate resources to research his case, the court concludes that he is able to address the relevant legal issues with the resources he has.  Whatever the ultimate merit of his allegations, plaintiff has demonstrated the ability to present his own case.

The third factor outlined in <u>Tabron</u> similarly counsels against appointing counsel.  The matter is not exceedingly complex.  The legal standards for plaintiff's claims of malicious prosecution, false arrest, unlawful search and seizure, municipal liability and various state-law torts are well-established and relatively straightforward.  Plaintiff need not research obscure or esoteric legal doctrines in order to understand what he must prove to prevail in his case.  He simply needs to address the standards commonly used in federal civil rights suits.  Plaintiff's complaint already demonstrates that he understands the law associated with his claim, and that law is

therefore not too complex for him to address without the assistance of a lawyer.[1]

The amount of factual investigation in the case will also not be extensive and not require the intervention of an experienced attorney to conduct. The key to plaintiff's federal claims will be demonstrating that he was wrongly charged and prosecuted. To do so, he must first prove that the prosecution against him ended in his favor. Providing proof of that fact will be simple; plaintiff himself knows if he has been acquitted or the charges dropped. Assuming that plaintiff could show that his case ended in his favor, the investigation in the case would not be exceedingly difficult; plaintiff could easily gain access to public records such as police reports and court testimony as he sought to establish that he had been wrongfully accused. The fourth Tabron factor, the amount of factual investigation required, also weighs against appointing counsel.

The court finds the fifth factor–the extent to which the case will turn on credibility determinations–also to weigh against appointment of counsel. If plaintiff were actually to bring to trial his claims of conspiracy, malicious prosecution, false arrest, and unlawful search and seizure, the outcome would largely turn on whether a jury believed defendants' explanations for the decisions to prosecute the plaintiff.

---

[1]Plaintiff also points to the sheer size and number of defendants named in the complaint as evidence that the case is exceedingly complex and requires counsel. In examining the complaint, however, the court concludes that many of these defendants could not be liable, and that the complaint is not nearly as complex as its length would imply. Furthermore, to allow a plaintiff appointed counsel simply because he files a long, factually detailed complaint that names dozens of superfluous defendants would be to encourage *pro se* plaintiffs to clog the court system with bloated filings in their attempt to justify appointed counsel.

Such a case does not require plaintiff to engage expert witnesses, prepare elaborate direct or cross examinations based on complicated factual material or construct detailed exhibits. Plaintiff need only identify for the jury implausibilities and inconsistencies in witnesses' statements and testimony and convince a jury not to believe those witnesses. Those types of credibility determinations do not require appointed counsel.

All five of the <u>Tabron</u> factors therefore weigh against the plaintiff, and the court will deny plaintiff's motion for appointment of counsel.[2] Given the scarcity of available volunteer representation for *pro se* clients, the court will not expend the court's limited resources on this case. The case does not appear to have even arguable merit, and the plaintiff has demonstrated an ability to advance his interests without the assistance of counsel. An appropriate order follows.

---

[2]Plaintiff's motion for appointment of counsel also included a motion for service of the complaint by U.S. Marshalls. Because plaintiff also filed a motion to proceed *in forma pauperis*, the court delayed ruling on this motion until it determined whether to grant plaintiff *in forma pauperis* status or dismiss his case as frivolous and indisputably meritless. The plaintiff has now informed the court that he intends to pay the required filing fee. The court will wait to rule on plaintiff's motion for special service until after plaintiff submits the required filing fee.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SCOTT J. BINSACK, SR.,** | : | **No. 3:08cv1166** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **LACKAWANNA COUNTY DISTRICT** | : | |
| **ATTORNEY'S OFFICE,** | : | |
| **D.A. ANDREW JARBOLA,** | : | |
| **D.A. EUGENE TALERICO,** | : | |
| **A.D.A. COREY KOLCHARNO,** | : | |
| **A.D.A. MARYANNE GRIPPO,** | : | |
| **A.D.A. PAUL PETERSON,** | : | |
| **BRIAN KOSCH, District Attorney** | : | |
| **Detective,** | : | |
| **JOHN R. COLAN, III, District** | : | |
| **Attorney Detective,** | : | |
| **JOHN & JANE DOE, District** | : | |
| **Attorney Detectives and** | : | |
| **Prosecutors,** | : | |
| **JEROME SEBASTIANELLI,** | : | |
| **GARRET STEVER,** | : | |
| **DAVID KUTNEY,** | : | |
| **MICHAEL McCARTY, Vice** | : | |
| **President, Bank of America,** | : | |
| **HARRIS CUTLER, Owner,** | : | |
| **Phillip G. Ball & Co.,** | : | |
| **MICHAEL H. ROTH, Esq.,** | : | |
| **BOROUGH OF CLARKS** | : | |
| **SUMMIT,** | : | |
| **CLARKS SUMMIT BOROUGH** | : | |
| **POLICE DEPARTMENT,** | : | |
| **LOUIS J. VITALE, JR., Police** | : | |
| **Chief,** | : | |

9

**OFFICER ROBERT SHEDLOCK,              :**
**FRANK J. SANTAMAURO, Esq.,            :**
**EUGENE KELLEY, Esq.,                  :**
**TIMES SHAMROCK                        :**
**COMMUNICATIONS,                       :**
**LAWRENCE K. BEAUPRE,                  :**
**DAVID FALCHEK,                        :**
**ROSEMARY DAVIS,                       :**
**COUNTY OF LACKAWANNA,                 :**
**JOHN FALCON,                          :**
**BRITTANY JULIAN,                      :**
**P.J. WALTER CARLSON,                  :**
**LACKAWANNA COUNTY PRISON,             :**
**WARDEN JANINE M. DONATE,              :**
**DEPUTY WARDEN TIM BETTI,              :**
                **Defendants            :**
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

  **AND NOW**, to wit, this 18th day of September 2008, the plaintiff's motion for

appointment of counsel (Doc. 5) is hereby **DENIED**.




          **BY THE COURT:**

          **s/ James M. Munley**
          **JUDGE JAMES M. MUNLEY**
          **UNITED STATES DISTRICT COURT**