# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT J. BINSACK, SR.** | : | No. 3:08cv1166 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **LACKAWANNA COUNTY DISTRICT** | : | |
| **ATTORNEY'S OFFICE,** *et al.,* | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is plaintiff's motion for a temporary restraining order enjoining the certain state officials from instituting a state order of indefinite inpatient confinement. (Doc. 37).

**Background**

This case arises out of plaintiff's arrest and criminal indictment by Defendant Lackawanna County District Attorney's Office. Plaintiff, who moved to Monroe County, Pennsylvania in 1998, has operated several home-building businesses in the succeeding years. (Complaint (Doc. 1) (hereinafter "Complt.") at ¶ 42).[1] He also pled guilty to a number of theft charges related to his business in 2001, and served three years in prison. (Id. at ¶ 44). After release on parole, plaintiff took up residence in Clarks Summit, Pennsylvania and resumed his business career. (Id. at

---

[1] These facts are presented merely as background to the case. They are taken from the plaintiff's complaint. The court makes no ruling on the veracity of these averments.

¶ 45).  The company he eventually formed, Mansions and Estates, International, enjoyed success, and eventually accumulated over $1 million in assets.  (Id. at ¶¶ 47-48).  Plaintiff also created a radio show about homebuilding and became prominent in several professional organizations.  (Id. at ¶¶ 50-51).  Plaintiff made substantial investments in his business, buying and remodeling property to house his enterprises.  (Id. at ¶ 53).  This success, however, was not greeted with universal acclaim by other area builders.  (Id. at ¶¶ 54).  The conflict that resulted could at times turn violent, and plaintiff alleges that he suffered severe injuries to his knee as the result of an attack.  (Id. at ¶ 56).  Even those who worked for plaintiff–including the attorneys handling his business affairs–became involved in this scheme to undermine his business and take over his property.  (Id. at ¶ 69, 78).

Plaintiff also alleges that certain business associates and law enforcement officials conspired to achieve "the alleged and wrongful arrest and incarceration of Plaintiff, the public and financial debilitation of Plaintiff, the illegal takeover of Plaintiff's corporations and the assets thereof, and the illegal seizure and closure of Plaintiff's office, and thus, the complete and utter financial destruction thereof [sic] said corporate entities."  (Id. at ¶ 63).

Plaintiff filed the instant complaint and motion for leave to proceed *in forma pauperis* on June 19, 2008.  Count I of the complaint raises due process and equal protection claims against Lackawanna County prosecutors, detectives and borough officials.  Plaintiff alleges unlawful arrest and malicious prosecution, as well as

2

improper search and seizure of his personal and business property.  He also contends that the defendants conspired to commit these constitutional violations.  Count II raises claims against the non-governmental defendants for conspiring with the prosecutors and borough officials to deprive him of his constitutional rights.  Count III raises alleges that the Lackawanna County District Attorney's office and Assistant District Attorneys Jarbola and Talerico failed to provide proper training to employees, and that these failings led to a violation of plaintiff's rights.  Count IV, raised against Lackawanna County, the Clarks Summit Police Department, the Borough of Clarks Summit and Police Chief Vitale, alleges a similar failure-to-train against those entities.  Count V alleges that Lackawanna County, the Lackawanna County Prison, and the Warden and Deputy Warden of that prison have failed to provide adequate training to officers and employees.  This lack of training, plaintiff contends, led defendants to fail to provide proper public access to hearings and arraignments.  Count VI brings a malicious prosecution/wrongful use of proceedings claim against the prosecutors and borough officials.  Count VII is an intentional or negligent infliction of emotional distress claim against all of the defendants.  Count VIII is a state-law false arrest and false imprisonment claim.  In Count VIII, plaintiff alleges that all of the defendants defamed him by publicizing his arrest.  Count IX brings a tort claim for false light based on public statements about the plaintiff.  Plaintiff raises a common law conspiracy claim against all the defendants in Count X.  The complaint seeks $42 million in actual damages, in addition to punitive damages,

interest, costs and attorney's fees.

Plaintiff eventually decided to pay the filing fee, making his motion to proceed *in forma pauperis* moot. (See Docs. 25-26). The court did, however, grant plaintiff's motion to have the United States Marshal's Service serve his complaint. (Doc. 28). Plaintiff found the $856 that the Marshal's Service sought as a fee for serving his complaint too costly. (See Doc. 29). Because the plaintiff had paid the filing fee and was not proceeding *in forma pauperis*, the court then ordered the plaintiff to serve the complaint by his own means or pay the Marshal's Service for its assistance. (Doc. 30). Plaintiff has yet to serve his complaint on the defendants.

On February 3, 2009, plaintiff filed the instant motion titled "Declaration/Memorandum in Support of Why Plaintiff has Failed Timely to Serve Complaint and for an Emergency T.R.O. Injunctive and Declaratory Relief." (Doc. 37). Petition alleges in his motion that he is the defendant in a criminal case in the Court of Common Pleas of Lackawanna County, Pennsylvania. He filed the instant complaint while out on bail in that case, and has since been incarcerated. Plaintiff contends that his incarceration and efforts by the County Court Judge to have a state agency assess plaintiff's competency to represent himself in his criminal proceedings amounts to retaliation for filing his action in this court, as well as other complaints to disciplinary boards, the United States Department of Justice and the Pennsylvania State Police. Plaintiff contends the he has information that Judge Michael Barrasse intends to keep him incarcerated in a state mental hospital until he

4

abandons his case in this court, and that efforts to have him committed are efforts to deny him access to the courts.  Moreover, plaintiff insists that he does not suffer from any mental illness and is capable of representing himself.  His behavior is merely "idiosyncratic," and attempts to confine him to an institution without proper procedural safeguards violate his rights.  (Doc. 37 at 11).  Judge Barrasse, plaintiff contends, is a close friend of one of the defendant judges in this case, and is thus attempting to assist his friend in the litigation by having plaintiff institutionalized.  Because of these alleged dangers to plaintiff's rights he requests that the court enjoin the defendants and the court in Lackawanna County from undertaking the pending examination of the plaintiff or to take any step or proceeding to enforce that order.  (Id. at 14).

Plaintiff includes as exhibits to his motion a number of documents related to his criminal case in Lackawanna County, Pennsylvania.  On December 17, 2008, Judge Michael Barrasse ordered that plaintiff be transferred to the Norristown (Pa.) State Hospital for a competency and mental health evaluation designed to determine whether he could represent himself *pro se*.  (Order, Doc. 37-3).  Plaintiff also includes his petition for a writ of prohibition or a writ of mandamus, filed in the Pennsylvania Supreme Court.  (Doc. 37-4).  In that document, plaintiff sought a writ of prohibition and/or mandamus compelling Judge Barrasse to revoke the order regarding mental health treatment.  (Id. at ¶ 21).  Plaintiff also sought a writ of mandamus compelling Judge Barrase to recuse himself from the case.  (Id. at ¶ 30).

5

**Discussion**

Plaintiff seeks to have the court issue a temporary restraining order staying action on any procedures in state court related to his mental competency. The Third Circuit Court of Appeals has outlined four factors that a court ruling on a motion for a preliminary injunction must consider: (1) whether the movant will be irreparably injured by denial of the relief; (2) whether granting preliminary relief will result in even greater harm to the nonmoving party; (3) whether granting the preliminary relief will be in the public interest; and (4) whether the movant has shown a reasonable probability of success on the merits. Crissman v. Dover Downs Entertainment Inc., 239 F.3d 357, 364 (3d Cir.2001). These same factors are used to determine a motion for a temporary restraining order. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D.Pa.1994).  These factors merely "structure the inquiry" and no one element will necessarily determine the outcome. The court must engage in a delicate balancing of all the elements, and attempt to minimize the probable harm to legally protected interests between the time of the preliminary injunction to the final hearing on the merits. Constructors Association of Western Pa. v. Kreps, 573 F.2d 811, 815 (3d Cir.1978).  The movant bears the burden of establishing these elements. Adams v. Freedorm Forge Corp., 204 F.3d 475, 486 (3d Cir. 2000).

Plaintiff seeks to have the court stay action on a civil matter related to his criminal case in state court, alleging that defendants in this action seek to prevent him from proceeding in this court by institutionalizing him in Pennsylvania. As a

6

general matter, Federal law establishes that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Supreme Court has found that 42 U.S.C. § 1983, the statute under which plaintiff brought the instant action, expressly authorizes such federal action. See Mitchum v. Foster, 407 U.S. 225, 242-43 (1972) (finding that "under the criteria established in our previous decisions construing the anti-injunction statute, § 1983 is an Act of Congress that falls within the 'expressly authorized' exception to that law."). Although a court may issue an injunction in such circumstances, "the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding" apply. Id. at 243.

The court notes that this situation requires the court to consider not only the normal equitable principles related to the issuance of a temporary restraining order, but also to consider equitable principles that apply when a party seeks to enjoin proceedings in a state criminal case. The United States Supreme Court has reminded courts that "Congress, by its legislation, has adopted the policy, with certain well-defined statutory exceptions, of leaving generally to the state courts the trial of criminal cases arising under state laws, subject to review by this Court of any federal questions involved." Douglas v. City of Jeannette, 319 U.S. 157, 163 (1943). Accordingly, a court sitting in equity "should conform to this policy by refusing to

interfere with or embarrass threatened proceedings in state courts save in those exceptional cases which call for the interposition of a court of equity to prevent irreparable injury which is clear and imminent." Id.  In respect to this promised deference, "equitable remedies infringing this independence of the states–though they might otherwise be given–should be withheld if sought on slight or inconsequential grounds."  Id.  Younger v. Harris, 401 U.S. 37, 45 (1971); see also, Younger v. Harris, 401 U.S. 37 (1971) (noting that "it has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin proceedings in state courts is not to issue such injunctions.").

      The court finds that the principles of equity and federalism salient to this case counsel against issuance of a temporary restraining order.  The injunction that plaintiff seeks the court to issue is related to a criminal proceeding, and the court is reluctant to interfere with such a proceeding.  The purpose of assessing plaintiff's ability to defend himself in the criminal proceeding is to ensure that he can protect his rights without the assistance of a lawyer.  To prevent such a proceeding could be to endanger the adequate protection of plaintiff's rights in a proceeding involving his liberty.[2]  Moreover, enjoining the competency proceeding in state court would disrupt

---

[2] The court recognizes the plaintiff's contention that he is being incarcerated in a mental hospital indefinitely while his competency is adjudicated.  Nothing indicates that such a situation has or will come to pass, and the court will not enjoin proceedings on speculative grounds.

8

the process in plaintiff's criminal case, interposing a barrier to the state's efforts to enforce criminal laws that no court has declared invalid. Enjoining that proceeding would also prevent swift resolution of the state-court matter, meaning that plaintiff would face the prospect of indefinite incarceration as the state waits for the litigation to move forward in this jurisdiction. As such, the facts of this case counsel strongly against interfering with the state proceedings.

In addition, the court does not find that the threatened competency hearing threatens to impose an irreparable injury which is either clear or imminent. First, plaintiff contends that he will not be able to prosecute his action in this court if he is forced to defend his competency in state court. He may, plaintiff insists, face default in this action. The court notes that default is not imminent in this case, and that the court will certainly entertain a motion for extension of time based on the interference to this matter caused by state-court proceedings. Moreover, plaintiff faces a hearing in state court, and–based on his representations to this court–could very well prove he is sufficiently lucid and self-aware to defend himself in state court. The injury plaintiff faces, therefore, is not imminent and may never even come to pass.

In addition, the general principles governing applications for temporary restraining orders lead the court to conclude that an injunction is inappropriate here. First, the court finds that plaintiff will not be irreparably harmed by failure to enjoin the proceeding here in question. Plaintiff could well be judged competent to represent himself, and, in any case, the plaintiff is free to continue the litigation in

9

this court as he sees fit, regardless of the outcome of proceedings in state court. Second, enjoining the competency hearing could well prevent the state from proceeding with its prosecution until the court lifts the injunction, and may prejudice the state's case. Third, because the requested relief would prevent the orderly progression of a criminal matter, the public interest would best be served by allowing the proceeding to go forward. Fourth, as explained by this court in connection with plaintiff's request for an appointed attorney in these proceedings (See Doc. 26), plaintiff's likelihood of success on the merits of this case are slim. The court will therefore decline to enjoin the state-court proceeding at question in this case.

**Motion for Extra Time to Serve the Complaint**

Plaintiff asserts that the stress of dealing with his state criminal matter and the treatment he has been subjected to therein have contributed to his failure to serve the complaint within the period allotted by the Federal Rules of Civil Procedure. Plaintiff also avers that his incarceration and lack of friends or associates in the area have also made service difficult. Further, the cost of serving a complaint several hundreds of pages long on 32 defendants has been onerous. Plaintiff promises that if "given more time or permitted photocopies by this court via the Clerk of Courts; or a payment plan to the U.S. Marshals, he could achieve service within 60-90 days." (Doc. 37 at 8). The court accepts the plaintiff's promise that he can serve the complaint if given additional time. As such, the court will grant plaintiff an additional 60 days from the date of this order to serve the complaint. The court finds, however,

10

that ordering the Clerk of Court to provide plaintiff with copies of his complaint to serve on all 35 plaintiffs would not be an efficient use of court resources. The court will therefore deny that portion of plaintiff's request. In addition, the court will not order the Marshal's Service to develop a payment plan for serving the complaint. The court has been informed that the Marshals do not offer such plans.

**Conclusion**

For the reasons stated above, the court will deny the plaintiff's motion for a temporary restraining order. The court will grant plaintiff's motion for an additional sixty (60) days to serve the complaint. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT J. BINSACK, SR.** | : | No. 3:08cv1166 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **LACKAWANNA COUNTY DISTRICT** | : | |
| **ATTORNEY'S OFFICE,** *et al.*, | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 19th day of February 2009, the plaintiff's motion for a temporary restraining order (Doc. 37) is hereby **DENIED**. The plaintiff's motion for an extension of time to serve the complaint (Doc. 37) is hereby **GRANTED**. Plaintiff shall serve the complaint within sixty (60) days of the date of this order. The court will not order, however, that the United States Marshal's service develop a payment plan for service of the complaint, or that the clerk of court provide plaintiff with copies of his complaint.

                                                     **BY THE COURT:**

                                                     **s/ James M. Munley**
                                                     **JUDGE JAMES M. MUNLEY**
                                                     **UNITED STATES DISTRICT COURT**