# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT J. BINSACK, SR.** | : | No. 3:08cv1166 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| | : | |
| **LACKAWANNA COUNTY DISTRICT** | : | |
| **ATTORNEY'S OFFICE**, *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the court is plaintiff's motion for reconsideration (Doc. 42) of the court's order (Doc. 39) denying his request for a temporary restraining order (TRO).

**Background**

This case arises out of plaintiff's arrest and criminal indictment by Defendant Lackawanna County District Attorney's Office. Plaintiff, who moved to Monroe County, Pennsylvania in 1998, has operated several home-building businesses in the succeeding years. (Complaint (Doc. 1) (hereinafter "Complt.") at ¶ 42).[1] He also pled guilty to a number of theft charges related to his business in 2001, and served three years in prison. (Id. at ¶ 44). After release on parole, plaintiff took up residence in Clarks Summit, Pennsylvania and resumed his business career. (Id. at ¶ 45). The company he eventually formed, Mansions and Estates, International,

---

[1] These facts are presented merely as background to the case. They are taken from the plaintiff's complaint. The court makes no ruling on the veracity of these averments.

enjoyed success, and eventually accumulated over $1 million in assets.  (Id. at ¶¶ 47-48).  Plaintiff also created a radio show about homebuilding and became prominent in several professional organizations.  (Id. at ¶¶ 50-51).  Plaintiff made substantial investments in his business, buying and remodeling property to house his enterprises.  (Id. at ¶ 53).  This success, however, was not greeted with universal acclaim by other area builders.  (Id. at ¶¶ 54).  The conflict that resulted could at times turn violent, and plaintiff alleges that he suffered severe injuries to his knee as the result of an attack.  (Id. at ¶ 56).  Further he alleged that even those who worked for plaintiff–including the attorneys handling his business affairs–became involved in this scheme to undermine his business and take over his property.  (Id. at ¶ 69, 78).

Plaintiff also alleges that certain business associates and law enforcement officials conspired to achieve "the alleged and wrongful arrest and incarceration of Plaintiff, the public and financial debilitation of Plaintiff, the illegal takeover of Plaintiff's corporations and the assets thereof, and the illegal seizure and closure of Plaintiff's office, and thus, the complete and utter financial destruction thereof [sic] said corporate entities."  (Id. at ¶ 63).

Plaintiff filed the instant complaint and motion for leave to proceed *in forma pauperis* on June 19, 2008.  Count I of the complaint raises due process and equal protection claims against Lackawanna County prosecutors, detectives and borough officials.  Plaintiff alleges unlawful arrest and malicious prosecution, as well as improper search and seizure of his personal and business property.  He also

contends that the defendants conspired to commit these constitutional violations. Count II raises claims against the non-governmental defendants for conspiring with the prosecutors and borough officials to deprive him of his constitutional rights. Count III alleges that the Lackawanna County District Attorney's office and Assistant District Attorneys Jarbola and Talerico failed to provide proper training to employees, and that these failings led to a violation of plaintiff's rights.  Count IV, raised against Lackawanna County, the Clarks Summit Police Department, the Borough of Clarks Summit and Police Chief Vitale, alleges a similar failure-to-train claim against those entities.  Count V alleges that Lackawanna County, the Lackawanna County Prison, and the Warden and Deputy Warden of that prison have failed to provide adequate training to officers and employees.  This lack of training, plaintiff contends, led defendants to fail to provide proper public access to hearings and arraignments. Count VI brings a malicious prosecution/wrongful use of proceedings claim against the prosecutors and borough officials.  Count VII is an intentional or negligent infliction of emotional distress claim against all of the defendants.  Count VIII is a state-law false arrest and false imprisonment claim.  In Count VIII, plaintiff alleges that all of the defendants defamed him by publicizing his arrest.  Count IX brings a tort claim for false light based on public statements about the plaintiff.  Plaintiff raises a common law conspiracy claim against all the defendants in Count X.  The complaint seeks $42 million in actual damages, in addition to punitive damages, interest, costs and attorney's fees.

3

Plaintiff eventually decided to pay the filing fee, making his motion to proceed *in forma pauperis* moot. (See Docs. 25-26). The court did, however, grant plaintiff's motion to have the United States Marshal's Service serve his complaint. (Doc. 28). Plaintiff found the $856 that the Marshal's Service sought as a fee for serving his complaint too costly. (See Doc. 29). Because the plaintiff had paid the filing fee and was not proceeding *in forma pauperis*, the court then ordered the plaintiff to serve the complaint by his own means or pay the Marshal's Service for its assistance. (Doc. 30). Plaintiff has yet to serve his complaint on the defendants.

On February 3, 2009, plaintiff filed a motion titled "Declaration/Memorandum in Support of Why Plaintiff has Failed Timely to Serve Complaint and for an Emergency T.R.O. Injunctive and Declaratory Relief." (Doc. 37). Petition alleged that he is the defendant in a criminal case in the Court of Common Pleas of Lackawanna County, Pennsylvania. He filed the instant complaint while out on bail in that case, and has since been incarcerated. Plaintiff contended that his incarceration and efforts by the County Court Judge to have a state agency assess plaintiff's competency to represent himself in his criminal proceedings amounts to retaliation for filing his action in this court, as well as other complaints to disciplinary boards, the United States Department of Justice and the Pennsylvania State Police.

On February 19, 2009, the court denied this motion. (Doc. 39). The court found that all of the factors considered by the court in connection with emergency relief weighed against the issuance of an injunction. Plaintiff filed a motion for

4

reconsideration of this order on February 27, 2009. (Doc. 42). Plaintiff alleges that the court erred in finding that he would not suffer irreparable harm if subjected to the mental evaluation, since he contends that the court's order that he be transferred to a hospital for observation and evaluation constitutes indefinite detention.

**Jurisdiction**

Because plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, we have jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe, 176 F.3d at 677. A motion for reconsideration is not a proper vehicle to attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp.1109, 1122 (E.D. Pa. 1993). Such motions also may not be used to give a dissatisfied party a chance to "[change] theories and try

Case 3:08-cv-01166-ARC   Document 44   Filed 03/03/09   Page 6 of 8

again," obtaining a "'second bite at the apple.'" <u>Bhatnagar v. Surrendra Overseas Ltd.</u>, 52 F.3d 1220, 1231 (3d Cir. 1995); see also <u>Ogden v. Keystone Residence</u>, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (finding that "The simple fact that Ogden is unhappy with the result of the April 19, 2001 opinion is an insufficient basis to grant her relief.").

**Discussion**

The argument that plaintiff makes here–that he is being deprived of his constitutional and statutory rights by the state courts, who are holding him indefinitely without a hearing on his mental competency[2] and that his underlying case, which alleges a conspiracy on the part of various county officials to deprive him of his rights through a meritless prosecution, has merit–are the same arguments that plaintiff made in his initial motion for a TRO. Plaintiff does not point to any new evidence previously unavailable or an intervening change in controlling law. Since a

---

[2] The order to which plaintiff cites was issued by Judge Michael J. Barrasse in the Court of Common Pleas of Lackawanna County, Pennsylvania. It orders that plaintiff "be transferred to the Norristown State Hospital for Purposes of a Compentency Evaluation/Mental Health Evaluation to determine whether he is able to proceed *Pro Se*." (See Order, dated December 17, 2008, Exh. B to Plaintiff's Motion for a TRO (Doc. 37-3)). Plaintiff contends that this order violates Pennsylvania law because he has not had a hearing before being ordered to the Norristown Hospital for a competency evaluation. The order in question does not commit the plaintiff to an institution and does not order him adjudged mentally incompetent and institutionalize him. Instead, the trial judge, who has a responsibility to ensure that a criminal defendant has the capacity to represent himself, here seeks assistance in coming to this determination. The evaluation would seek to determine whether plaintiff is capable of a "knowing, voluntary and intelligent waiver of counsel." Pa. R. Crim. P. 121(c). That order does not seek to declare plaintiff incompetent to stand trial or subject plaintiff to emergency mental health treatment. See 50 P.S. § 7301, § 7401. As such, the order does not invoke the procedural protections stated in Pennsylvania law. See 50 P.S. § 7302, § 7303

6

motion for reconsideration is not the place to reargue positions already examined and rejected by the district court, the court will deny the motion.  The court reiterates its position that plaintiff has not demonstrated irreparable harm or a likelihood of success on the merits of the underlying case, and also emphasizes that the comity between state and federal courts requires great caution before interfering with state proceedings related to a criminal case.

**Conclusion**

For the reasons stated above, the court will deny the plaintiff's motion for reconsideration.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT J. BINSACK, SR.** | : | No. 3:08cv1166 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| | : | |
| **LACKAWANNA COUNTY DISTRICT** | : | |
| **ATTORNEY'S OFFICE,** *et al.*, | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 3rd day of March 2009, the plaintiff's motion for reconsideration (Doc. 42) is hereby **DENIED**.

                                         **BY THE COURT:**

                                         **s/ James M. Munley**
                                         **JUDGE JAMES M. MUNLEY**
                                         **UNITED STATES DISTRICT COURT**