# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT J. BINSACK, SR.,** | : | No. 3:08cv1166 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **LACKAWANNA COUNTY DISTRICT** | : | |
| **ATTORNEY'S OFFICE, et al.,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 6th day of November 2009, the plaintiff's motion for this judge's recusal (Doc. 58) is hereby **DENIED**. Federal law requires that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Beliefs or opinions that merit recusal must involve an extrajudicial factor; 'for example, if a judge has acquired a dislike of a litigant because of events occurring outside of the courtroom, a duty to recuse might ensue.'" United States v. Vampire Nation, 451 F.3d 189, 208 (3d Cir. 2006) (quoting United States v. Antar, 53 F.3d 568, 574 (3d Cir. 1995)). "'A party seeking recusal need not show actual bias on the part of the court, only the possibility of bias . . . Under § 455(a), if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse.'" Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004) (quoting Krell v. Prudential Ins. Co. of Am. (In re Prudential Ins. Co.

Am. Sales Practice Litig. Agent Actions), 148 F.3d 283, 343 (3d Cir. 1998)). Moreover, a judge is required to disqualify himself when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Bias and prejudice "connote a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree." Liteky v. United States, 510 U.S. 540, 550 (1994).

As grounds for recusal, plaintiff contends that the undersigned judge has a conflict of interest, has had prior *ex parte* contacts with key defendants, and a "gross biased attitude to Plaintiffs [sic] serious case." (Doc. 58 at 1). Plaintiff also anticipates that the court will become vindictive towards him, as he intends to file a complaint of judicial misconduct against the undersigned judge with the Third Circuit Court of Appeals. Plaintiff contends that the court's bias can be seen in earlier rulings in this case, which he alleges are biased against him. Moreover, since the plaintiff sues many officials in Lackawanna County, Pennsylvania, plaintiff argues that the case should be transferred from Scranton, Pennsylvania to a judge who sits in another county.

The court will deny the recusal motion. First, the fact that the court has denied many of plaintiff's motions is not evidence of a bias that would require recusal. The plaintiff does not point to any comments in the court's opinions or in public forums

concerning those opinions that would indicate an improper bias towards the plaintiff. Instead, the plaintiff merely contends that the court erred in ruling the way it did. A reasonable person would not question the court's impartiality based on these rulings. The Supreme Court has noted that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not recusal." Litecky, 510 U.S. at 555.

Second, while the plaintiff argues that the undersigned judge has personal relationships with some of the defendants in the case, and has provided the court with numerous newspaper clippings which he contends documents a culture of corruption in the local bar and judiciary, he has not pointed to any sort of business or family relationship between the judge and parties to the case that would warrant recusal. Mere acquaintance with a litigant is not–absent more–grounds for recusal. The court finds that a reasonable person would not question this judge's impartiality based on these alleged relationships.

Finally, plaintiff's threatened filing of misconduct charges against the undersigned judge does not require recusal. The court emphasizes that its rulings are based on a reasoned assessment of the applicable law, and no other factors.

3

Moreover, the court recognizes that to submit to recusal because a party threatens baseless misconduct charges would be to allow litigants to choose their judge based on a mere threat. See Vampire Nation, 451 F.3d at 209 (finding that the trial judge did not err in failing to recuse himself, though the defendant had filed a judicial misconduct complaint against the judge, since defendant "had already deluged the District Court with numerous and frivolous *pro se* motions throughout the proceedings, and we are unwilling to conclude that Judge Hardiman erred by not *sua sponte* recusing himself from sentencing simply because Banks, a convicted defendant who had already clogged the proceedings with *pro se* motions, also filed a judicial misconduct complaint in addition to other *pro se* motions.").

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**