**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SCOTT J. BINSACK, SR.,

     Plaintiff,

         v.

LACKAWANNA COUNTY DISTRICT
ATTORNEY'S OFFICE et al.,

     Defendants.

CIVIL ACTION NO. 3:08-CV-1166

(JUDGE CAPUTO)

## MEMORANDUM

Plaintiff Scott J. Binsack, Sr. was an inmate at the State Correctional Institution at Dallas ("SCI-Dallas") in Luzerne County, Pennsylvania. He filed a *pro se* complaint on June 19, 2008 alleging, *inter alia*, civil rights violations under 42 U.S.C. § 1983. Because Mr. Binsack has failed to comply with the Local Rules, his action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 83.3.1.

## I. Background

Because of the complicated procedural background of Mr. Binsack's case, I will discuss only facts relevant to this memorandum and order.

Mr. Binsack filed an amended complaint on November 18, 2009. On September 28, 2011, I granted his motion for leave to proceed *in forma pauperis*. When that order was mailed to Mr. Binsack, it was returned on October 13, 2011 as undeliverable with a notation stating "Inmate Sentence Completed." Since that date, two other court documents mailed to Mr. Binsack have been returned as undeliverable.

Seven motions to dismiss have been filed by various Defendants; the earliest was

filed April 19, 2011.  Mr. Binsack has not filed briefs in opposition to any of the seven

motions.

## II.  Discussion

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily

dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court

order."  Local Rule 83.3.1(a) similarly states that a failure of counsel to comply with any

of the Local Rules "may be considered an abandonment or failure to prosecute" and

judgment may be entered against the defaulting party.  Here, Mr. Binsack has failed to

comply with Local Rule 83.18, which states that parties not represented by counsel

"shall maintain on file with the clerk a current address at which all notices and copies of

pleadings, motions or papers in the action may be served upon."

When determining whether to dismiss as a sanction for failure to prosecute, a

district court must balance the six factors set forth in *Poulis v. State Farm Fire &*

*Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1994).  The factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the
> adversary caused by the failure to meet scheduling orders and respond to
> discovery; (3) a history of dilatoriness; (4) whether the conduct of the party
> or the attorney was willful or in bad faith; (5) the effectiveness of sanctions
> other than dismissal, which entails an analysis of alternative sanctions; and
> (6) the meritoriousness of the claim or defense.

*Id.* at 868.  None of the six factors is dispositive, *Ware v. Rodale Press, Inc.*, 322 F.3d

218, 222 (3d Cir. 2003), and a court may dismiss a complaint where not all six factors

are satisfied, *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).  The decision to

dismiss ultimately remains within the discretion of the district court.  *Id.*

Here, a balancing of the *Poulis* factors suggests that dismissal is the appropriate sanction.  As for the first factor, Mr. Binsack is personally responsible for his noncompliance with the rules, as it was his duty to inform the court of a change of address.  Turning to the second factor, the Defendants in this case have not been prejudiced by a failure to meet scheduling orders and respond to discovery.  The third factor of a history of dilatoriness is satisfied by Mr. Binsack's repeated neglect in responding to any of the motions to dismiss his complaint over the past seven months.  The fourth factor weighs against dismissal because there is no evidence that Mr. Binsack's conduct was willful or in bad faith.  As for the fifth factor, no other sanctions will be effective where the Court cannot even make contact with the party.  Finally, the sixth factor weighs heavily in favor of dismissal: a review of Mr. Binsack's complaint demonstrates various deficiencies in the complaint, including issues with prosecutorial immunity, statutes of limitations, and violations of existing plea bargains.  Based on all these factors, I will dismiss this action pursuant to Rule 41(b) and Local Rule 83.3.1 for failure to prosecute.

## CONCLUSION

For the reasons stated above, Plaintiff's complaint will be dismissed.  An appropriate order follows.

November 21, 2011                                          /s/ A. Richard Caputo
Date                                                              A. Richard Caputo
                                                                   United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SCOTT J. BINSACK, SR.,

   Plaintiff,

        v.

LACKAWANNA COUNTY DISTRICT
ATTORNEY'S OFFICE et al.,

   Defendants.

CIVIL ACTION NO. 3:08-CV-1166

(JUDGE CAPUTO)

## ORDER

    **NOW**, this __21st__ day of November, 2011, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Amended Complaint (Doc. 101) will be **DISMISSED** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 83.3.1.

(2) The Clerk of Court is directed to mark this case as **CLOSED.**

        /s/ A. Richard Caputo
        A. Richard Caputo
        United States District Judge